Christopher Kortlander
P. O. Box 200
Garryowen, MT 59031
chris@custermuseum.org

Plaintiff

**FILED**

NOV 13 2018

Clerk, U.S. Courts
District Of Montana
Billings Division

# UNITED STATES DISTRICT COURT
## for the
## District of Montana, Billings Division

| | |
|---|---|
| CHRISTOPHER KORTLANDER,<br>P. O. Box 200<br>Garryowen, MT 59031,<br><br>           Plaintiff,<br><br>     vs.<br><br>BUREAU OF LAND MANAGEMENT,<br>5001 Southgate Drive,<br>Billings, MT 59101, and<br>DEPARTMENT OF THE INTERIOR,<br>1849 C Street, N.W.,<br>Washington DC 20240,<br>and<br>RYAN ZINKE, in his official capacity<br>of Secretary of the Interior,<br><br>           Defendants | Cause No. CV-18-162-BLG-SPW-TJC<br><br>Civil Action—FOIA<br>Complaint for Declaratory<br>and Injunctive Relief |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1) Plaintiff Christopher Kortlander asserts violation of the Freedom of Information ACT (FOIA), 5 U.S.C. § 552, by defendant Department of the Interior (DOI), Bureau of Land Management (BLM), for failing to disclose responsive

records and documents generally "concerning the investigation or prosecution of Robert W. Weaver (dob unknown, dod 12/31/2016)"

2) Plaintiff filed a FOIA request with BLM (request attached as Exhibit A) which was received by the BLM October 19, 2017. (receipt acknowledgement attached as Exhibit F) The request asks about the reports and documents in which the BLM "agency and agents were involved in the investigation, sting, and raid of Mr. Weaver, who resided in Cody, Wyoming." The requests asks that the BLM response "should include all agent's notes, reports and Operations Plans, including all email communications with, to or from your agents and agency concerning any aspect of Robert Weaver and the investigation. The information requested includes, but is not limited to all information, investigation note, laboratory test and result, emails, phone conversation notes of every type involved in the matters identified above regarding the person or businesses of Robert Weaver. Further identification and information received from any (and) all informants and information sources providing information of any type whatsoever in the matter (is) requested."

3) Plaintiff seeks a declaration that BLM and DOI violated FOIA by failing to produce responsive records by the statutory deadline and an injunction ordering BLM and DOI to produce all non-exempt responsive records by a date certain, without further delay.

**JURISDICTION AND VENUE**

4) This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 5 U.S.C. § 552(a) (4) (B)

1  5) Venue is proper in this district because Plaintiff Kortlander resides and
2  has its principal place of business in this judicial district. [(5 U.S.C. 2.8 U.S.C.
3  1391(e)(l)].

### PARTIES

5  6) Plaintiff CHRISTOPHER KORTLANDER (KORTLANDER) is a U.S.
6  citizen, residing at Garryowen, Montana. KORTLANDER is the principal officer
7  and/or owner of several business entities also located at Garryowen, Montana.
8  These businesses include: CUSTER BATTLEFIELD MUSEUM, INC. (CBM), a
9  not-for-profit Montana corporation. Plaintiff KORTLANDER is the requestor of
10 the withheld records.

11 7) Plaintiff Kortlander is the Executive Director of the Custer Battlefield
12 Museum, a not-for-profit organization with more than two decades of experience
13 in rare collectibles including historical artifacts. The museum is also an
14 educational institution and additionally Kortlander is a published author writing
15 about the federal law enforcement agency named as Defendant in this request.

16 8) Defendants BLM and DOI are departments of the Executive Branch of
17 the United States government and the BLM is a subdivision of the DOI.
18 Defendants BLM and DOI are agencies within the meaning of 5 U.S.C. § 552 (f).
19 The BLM and other defendants have possession and control of the records that
20 Plaintiff seeks.

21 9) Defendant RYAN ZINKE is Secretary of the Interior and heads the
22 Department of the Interior. Defendant Zinke is responsible for DOI (and thus
23 BLM) compliance with the laws of the United States and regulations promulgated
24 thereunder, including the laws and regulations at issue in this case.

25 ### STATUTORY AND REGULATORY FRAMEWORK

10) FOIA requires federal agencies, upon request, to make records available to the public. Id. § 552(a)(3)(A)

11) An agency must determine whether to comply with a FOIA request within twenty business days and "shall immediately notify the person making such request of such determination and the reasons therefor." Id. §552(a)(6)(A)(i); see also 15 C.F.R. § 4.6(b)

12) The twenty-day deadline for an agency to determine whether to comply with a FOIA request begins on the earlier of: (1) the date "the request is first received by the appropriate component of the agency" or (2) "ten days after the request is first received by any of the agency that is designated in the agency's regulations . . . to receive (FOIA) requests." 5 U.S.C. § 552(a)(6)(A).

13) If an agency does not respond to a FOIA request by the statutory deadline the requestor is deemed to have exhausted administrative remedies and may immediately pursue judicial review. Id §552(a)(6)(C)(i), 552(a)(4)(B)

## STATEMENT OF FACTS

14) Plaintiff Kortlander has a history of interaction with the defendant federal agency dating back more than 15 years. For most of the last decade Kortlander has been writing and researching the patterns of practice of the Office of Law Enforcement (OLE) of the BLM.

15) In 2017 Kortlander wrote a book, *Arrow to the Heart: The Last Battle at the Little Big Horn: The Custer Battlefield Museum vs. The Federal Government* which was published in 2018. This book discusses Plaintiff's experiences with the BLM - OLE and the legal issues related thereto as they might affect the general public and especially museums and collectors of antiques and historical artifacts.

16) Since the publication of the book several additional facts have come to the public's attention, involving the death of individuals following their association with or interaction with agents of the defendant federal agency herein.

17) The delay in the response by the defendants in this FOIA request is so egregious as to reflect an apparent effort to thwart the "sunshine" expected to open the agencies of the federal government to public scrutiny and thus accountability. The result is that the agents and employees of the defendant federal agencies are continuing their unlawful and abusive pattern and practices using administrative delays and negligence to the public's detriment, which Plaintiff is investigating.

18) The BLM states that "BLM-MT's long-time FOIA Coordinator recently retired...." (see Exhibit C) One person's retirement should not have been a surprise to BLM management and does not justify the failure to respond with any requested documents or records for fully one calendar year. It is hard to believe that the retirement of a long-time employee wouldn't have been anticipated in BLM planning.

19) In recent years there have been not less than 6 deaths resulting from OLE activities of the BLM. One of those deaths is the person who is the subject of this FOIA request; Robert W. Weaver (dob unknown, dod 12/31/2016).

20) In 2014, Plaintiff received a document that set forth several abuses of federal authority by law enforcement agents of the BLM and the U.S. Fish and Wildlife Services. (USFWS) Subsequent investigation by Plaintiff Kortlander demonstrated the accuracy of many of the assertions made within the document. (see Exhibit D)

21) Earlier this year Plaintiff received additional information revealing a continuing pattern and practice of abusive administration of justice by the

1  supervisory personal of the BLM-OLE. (see Exhibit E) The continuing failure of
2  the BLM to respond works to the detriment of the public which is left without any
3  other remedy to expose the abusive and unlawful practices of BLM-OLE.

4  22) In a scathing 18-page memo dated November 27, 2017, the lead
5  investigator who assessed how federal officers handled the 2014 armed standoff
6  with Nevada rancher Cliven Bundy accuses federal agents of far-reaching
7  misconduct, recklessness and unrestrained antipathy toward the Bundy family.
8  (see Exhibit B) The memo specifically mentions BLM Special Agent Dan Love as
9  the author of a Kill Book naming three targets who had been driven to suicide.[1]

10  23) In that memo, BLM Investigator Larry Wooten specifically references
11  Dan Love bragging that the Kill Book amounted a trophy that included the now
12  deceased Utah physician, Dr. James Redd. Dan Love was SAC of operation
13  Cerberus Action as well as the 2014 Bundy Standoff.

14  24) Prosecutors shared it with defense lawyers for Bundy, his two sons
15  and co-defendant Ryan Payne as they were in the midst of their conspiracy trial.
16  The memo prompted defense lawyers to move for dismissal of the case which
17  was already in disarray over concerns raised previously about the government's
18  failure to promptly share evidence.[2]

19  25) In January 2018, Judge Gloria Navarro dismissed the case rebuking
20  federal prosecutors — using the words "flagrant" and "reckless" to describe how

---

[1] https://www.sltrib.com/news/environment/2017/08/25/new-report-faults-controversial-blm-agent-for-mishandling-evidence/
[2] https://www.oregonlive.com/oregon-standoff/2017/12/blm_investigator_alleges_misco.html

they withheld evidence from the defense — before saying "that the universal sense of justice has been violated."[3]

26). In March 2016, former U.S. Congressman Jason Chaffetz (R-Utah) introduced a bill in Congress (HR-622) to abolish law enforcement units at the BLM.[4] The bill says state and local law enforcement should police federal lands instead. It also requires that (the Secretary) and DOI give grants to those states to fund their enforcement activities. Representatives Rob Bishop, Chris Stewart and Mia Love (R-Utah), are also co-sponsors of the legislation.

27) The sponsors assert that this legislation will help deescalate conflicts between law enforcement and local residents while improving transparency and accountability. The bill would directly impact the BLM OLE which employs more than 250 rangers and special agents, with an annual budget in excess of $261 million. It also requires that both Secretaries (Agriculture and Interior) report to Congress how they are using the grants development program and the States must demonstrate that they're using the funding only for law enforcement purposes in an annual report.

28) Former Congressman Chaffetz, Senator Mike Lee, and other lawmakers said the bill is partly in reaction to reported conflicts between federal land officers and local communities. The Utah Sheriffs and Western Sheriffs associations both actively support the bill arguing there are "aggressive and over reactive federal

---

[3] http://www.latimes.com/nation/la-na-bundy-mistrial-2018-story.html

[4] *H.R. 622, Local Enforcement for Local Lands Act, first introduced last year, removes the law enforcement function from the Bureau of Land Management (BLM) and U.S. Forest Service. Instead, the bill calls for deputizing local law enforcement, combined with block grant funding, to empower existing duly elected law enforcement offices to carry out these responsibilities. The bill also establishes a formula to reimburse local law enforcement based on the percentage of public land in each state. The resulting cost savings will reduce the BLM budget by five percent and the Forest Service by seven percent.* https://www.congress.gov/bill/115th-congress/house-bill/622

land agents," who often overstep their authority. This is a huge concern for the Utah congressman who argued there is a lack of accountability when it comes to the actions of federal law enforcement officers. [5]

29) Chaffetz said he believes the bill would actually increase law enforcement on public lands because federal authorities are currently spread thin and local agencies have more officers per square mile. He also criticized federal agencies for "haphazard" enforcement and said they have refused to disclose information on the size of their arsenals.

30) The bill currently has the support of all of Utah's four congressional representatives, as well as Utah Gov. Gary Herbert. The state Sheriff's Association has also come out in favor of the bill, writing that federal officials have tried to "usurp" local authority and have been "aggressive and over reactive." [6]

31) Delays in the Defendants' response to Plaintiff's FOIA request have been unlawful and contrary to the public's interest as demonstrated by the preceding events cited above. Justice delayed results in justice denied, or in this case accountability delayed means accountability denied and also resulting in justice denied.

## PLAINTIFF's FOIA REQUEST

32) Plaintiff filed a FOIA request with BLM (request attached as Exhibit A) which was received by the BLM October 19, 2017. Plaintiff subsequently received two letters from the BLM regarding the above referenced FOIA request, the 1st dated October 23, 2017, and the 2nd dated December 12, 2017. (see

---

[5] http://rangefire.us/2016/08/11/10558/
[6] https://www.buzzfeednews.com/article/jimdalrympleii/federal-policing-of-public-lands-targeted-by-western-lawmake

1 Exhibits F and G) In the 1st letter the BLM states that Plaintiff's request for a fee
2 waiver will be acted upon in the "next 20 days." In the 2nd response the BLM
3 states: "We have completed an initial review of the records responsive to your
4 request.".

5 33) The COMPLEX track designation the BLM assigned to the FOIA
6 request, states that "requests will be processed in 21 to 60 workdays." Over the
7 course of the next several months, Defendants has not provided any documents or
8 information whatsoever in response to Plaintiff's FOIA request.

9 34) An APPEAL letter was sent by the Plaintiff to the BLM State FOIA
10 Coordinator on May 16, 2018 (see Exhibit H) with no response and a 2nd letter was
11 sent September 4, 2018 (see Exhibit I) with copies to FOIA/Privacy Act Appeals
12 Office, Department of the Interior; Office of Government Information Services,
13 National Archives and Records Administration; Sandra S. Leach, Deputy State
14 Director, Division of Resources, Planning and Fire, Bureau of Land Management –
15 DOI (see Exhibit #3), by email to FOIA Public Liaison, Ryan Witt.

16 35) It has now been more than a year since Plaintiff Kortlander submitted
17 the FOIA request. Defendant's response is now long past due.

## CAUSE OF ACTION

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

21 36) Plaintiff repeats and re-alleges the allegations in paragraphs 1 through
22 30 above, inclusive.

23 37) Defendants have wrongfully withheld agency records requested by
24 Plaintiff by failing to comply with the statutory time limit for the processing of
25 FOIA requests. 5 U.S.C. § 552(a)(6)(A)(i).

38) Kortlander has a statutory right under FOIA to prompt production of the records it seeks, and there is no legal basis for failure to disclose them.

39) Plaintiff is entitled to an order requiring the immediate processing and release of the requested documents. 5 U.S.C. § 552(a)(4)(B).

40) BLM's first letter (see Exhibit F) states that Plaintiff's request for a fee waiver would be resolved "within the next 20 days." Having received no subsequent determination, the 20 day period prescribed having long ago expired, Plaintiff's request for fee waiver is thus determined to be granted as a matter of law.

## REQUESTED RELIEF

**WHEREFORE**, plaintiff prays that this Court:

- Declare that Kortlander has a statutory right under FOIA to prompt production of the records it seeks, and there is no legal basis for failure to disclose them.
- Declare that Defendant's refusal to disclose the records requested by Plaintiff is unlawful;
- Order Defendant to disclose all responsive non-exempt records by a date certain, without further delay;
- Order defendants, upon completion of such expedited processing, to disclose the requested records in their entireties without redaction and to make copies available to plaintiff;
- Order Defendants to produce a log (a Vaughn Index as provided in 32 CFR 701.39) identifying any documents or parts thereof that it withholds and the basis for the withholding;
- Provide for expedited proceedings in this action;

- Award plaintiff his/their costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(e); and
- Awarding Kortlander his reasonable costs and compensation for his time expended in bringing this action in addition to attorney fees.
- Grant such additional and further relief as the Court may deem just, proper and equitable.

1  Dated this 12th day of November 2018

Christopher Kortlander
P. O. Box 200
Garryowen, MT 59031
406-638-2020
chris@custermuseum.org

7  I hereby certify that the information and allegations in the foregoing COMPLAINT
8  FOR DECLARATORY AND INJUNCTIVE RELIEF are true and correct to the
9  best of my knowledge.

Christopher Kortlander