**VICTORIA L. FRANCIS**
**TYSON M. LIES**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**2601 2nd Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 247-4633 – Victoria**
**Phone: (406) 247-4632 – Tyson**
**FAX: (406) 657-6058**
**Email: victoria.francis@usdoj.gov**
          **tyson.lies@usdoj.gov**

**ATTORNEYS FOR DEFENDANTS**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **CHRISTOPHER KORTLANDER,**<br><br>Plaintiff,<br><br>vs.<br><br>**BUREAU OF LAND MANAGEMENT, and DEPARTMENT OF THE INTERIOR, and DAVID BERNHARDT, in his official capacity of Secretary of the Interior,**<br><br>Defendants. | **CV 18-162-BLG-BMM-JTJ**<br><br>**PRELIMINARY PRETRIAL STATEMENT** |

Pursuant to the Court's Order of March 12, 2019 (Dkt. # 11), and L.R. 16.2(b)(1), Defendants provide the following preliminary pretrial statement.

1

## A. A brief factual outline of the case:

On or about October 19, 2017, Defendant Bureau of Land Management's Montana State Office ("BLM-MT") received an undated Freedom of Information Act ("FOIA") request from Plaintiff Christopher Kortlander (Dkt. #1-2). Plaintiff requested "all information your agency has concerning the investigation or prosecution of the following named individual or entities: Robert W. Weaver (dob unknown dod 12/31/2016)," including all

> agent's notes, reports, and Operations Plans, including all email communications within, to or from your agents and agency concerning any aspect of Robert Weaver and the investigation. The information requested includes, but is not limited to all information, investigation notes, laboratory tests and results, emails, phone conversation notes of every type involved in the matters identified above regarding the person or businesses of Robert Weaver. Further identification and information received from any and all informants and information sources providing information of any type whatsoever in the matter requested.

On October 20, 2017, BLM-MT sent Plaintiff an acknowledgement letter by e-mail, confirming receipt of Plaintiff's request and assigning the request a control number. This letter was returned as undeliverable that same day.

On October 23, 2017, BLM-MT again sent Plaintiff the acknowledgement letter (Dkt #1-7), confirming receipt of Plaintiff's request and assigning the request a control number.

On December 12, 2017, BLM-MT sent Plaintiff a letter (Dkt #1-8) to provide an update on Plaintiff's FOIA request. BLM-MT advised that it had been

2

unable to make a determination on Plaintiff's request. BLM-MT also advised that it had completed an initial review of responsive records, and that it would conduct a second review and coordinate with the Office of the Solicitor. BLM-MT noted it had received numerous requests prior to Plaintiff's, and that BLM-MT's policy was to process FOIA requests on a first in/first out basis. BLM stated that it would be a few months before it could provide a final response to Plaintiff.

On May 16, 2018, Plaintiff sent a letter to BLM-MT (Dkt #1-9). In this letter, he stated that the delay in responding to his request was "unreasonable and unacceptable." He demanded that his FOIA request be processed "immediately without further delay."

On September 4, 2018, Plaintiff sent another letter to BLM-MT (Dkt. # 1-10) in which he reiterated that the delay was "unreasonable and unacceptable" and demanded that his FOIA request be processed "immediately without further delay."

On September 19, 2018, Defendant Department of the Interior ("DOI") responded by letter (Dkt. 1-4) to Plaintiff's September 4, 2018 letter. DOI advised Plaintiff that it had accepted Plaintiff's request for processing as an appeal. It also informed Plaintiff that BLM-MT's FOIA officer had recently retired, leaving the office with an unusually high workload and backlog. DOI explained there were ten

3

(10) FOIA requests in BLM-MT's complex processing track ahead of Plaintiff's request, another eight (8) in its normal processing track, and some "voluminous" requests that had become the subject of litigation.

On November 13, 2018, Plaintiff filed this lawsuit.

On December 12, 2018, BLM-MT sent Plaintiff another letter, enclosing a first release of records responsive to Plaintiff's FOIA request. The letter indicated that because the request was not processed within the FOIA 20 day timeframe, no billable fees for the processing of the request would be assessed and that Plaintiff's request for a fee waiver was therefore moot.   It also went on to include along with the letter, a first release of 677 pages of documents, with some information redacted pursuant to Exemptions 5 U.S.C. § (b)(6) and (b)(7)(C) of FOIA. The letter explained that a portion of 673 pages was redacted under 552(b)(6) and (7)(C), because they consist of personal information, such as names of individuals, private telephone and cell phone numbers, dates of birth, home addresses, social security numbers, email addresses and vehicle identification numbers.   The information identifies individuals referenced in law enforcement records and that the individuals have a substantial privacy interest in the information. Finally, BLM-MT informed Plaintiff that it was continuing to review documents responsive to Plaintiff's request and that it would be releasing additional records in

4

increments and anticipated that FOIA exemptions under exemption 5, 6, 7C, 7D, and 7E may apply to parts of the records.

BLM is still processing records in response to Plaintiff's FOIA request. BLM has identified approximately 7900 pages of documents, 7200 pages of emails, plus video and audio files of potentially responsive records, related to a law enforcement investigation.   Plaintiff's request is one of 48 FOIA requests to which BLM is responding in this district alone.   BLM responds to FOIA requests in the order they were received, and Plaintiff's request is not the oldest request to which BLM is responding.   BLM has at least three other requests that are the subject of litigation, and each of those other requests requires processing under the § 552(b) exemptions and involves thousands of pages for review.   One case alone involves 60,000 pages of records.

BLM agrees processing will continue and has set forth a rolling release schedule in its proposed case management plan.

**B.     The basis for federal jurisdiction and for venue in the division:**

Jurisdiction under the Freedom of Information Act is set forth under 5 U.S.C. § 552(a)(4)(B). That section limits jurisdiction to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld.

Venue is appropriate under 28 U.S.C § 1391(e)(1).

**C.    The factual basis of each claim or defense advanced by the party**:

Plaintiff has made a broad and complex FOIA request that necessitates a lengthy review and rolling production of records. Defendant BLM estimates that it has thousands of pages of potentially responsive records that have been located, plus video and audio files. While the review of a document set of this size would be time-consuming simply as a matter of course, Plaintiff's request also concerns criminal investigatory and personal information, which means that a number of records will likely contain information exempt from disclosure under FOIA, § 552(b) and the Privacy Act. The possible application of these exemptions only further complicates Defendants' review.

For example 5 U.S.C. § 552(b)(7)(C), authorizes withholding records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. Courts addressing exemption 7(c) have found that the stigma of being associated with a law enforcement investigation, the potential for harassment and potential to prejudice law enforcement personnel in carrying out law enforcement functions, generally outweighs the public interest in disclosure. *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C.Cir. 2007) (7(C) "protects privacy interests of all

persons mentioned in law enforcement records, whether they be investigators, suspects, witnesses, or informants."); *Davis v. U.S. Dept. of Justice*, 968 F.2d 1276, 1281 (D.C.Cir. 1992) ("[P]ersons involved in FBI investigations—even if they are not the subject of the investigation—have a substantial interest in seeing that their participation remains secret.")

Plaintiff may assert that the law enforcement investigation about which he seeks information is complete. Whether the law enforcement investigation has been completed, or not, does not change the privacy interest of third parties referenced in criminal investigations. Many FOIA redactions are appropriate in relation to criminal investigation files due to the privacy interest of the names of individuals or undercover agents and informants even if the underlying law enforcement investigation is complete. *See, e.g.*, *Kortlander v. BLM*, 816 F. Supp. 2d 1001 (D. Mont. 2011). *See also, McAtee v. U.S. Dept. of Homeland Security*, 2016 WL 3079693 (May 31, 2016, D. Mont.)

BLM-MT has also experienced a number of personnel and technical issues that have delayed its review. BLM-MT's FOIA officer recently retired, and, due to a delay in retaining a replacement, the office was left with a backlog. Plaintiff's is one of many requests the office is currently processing, and it is not the oldest request. Additionally, while preparing records for disclosure, the discs carrying the

records were corrupted and BLM-MT had to restart the review. Defendants are diligently working to respond to Plaintiff's request and have already produced a set of responsive documents on December 12, 2018 and proposes a rolling schedule in its proposed case management plan.

**D.    The legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority:**

The proper remedy for a delay in producing documents, is not to order the agency to turn over all requested documents, but to direct the agency to continue to work diligently on processing the request. An untimely response does not entitle a Plaintiff to summary judgment under FOIA, or an order requiring disclosure without proper § 552(b) redactions. The court in *Hainey v. U.S. Dept. of the Interior*, 952 F.Supp.2d 34, 42 (D.D.C. 2013) explained as follows:

> While the court agrees that the Department's responses were untimely under the statute, the Department's untimely responses, in and of themselves, do not entitle Hainey to judgment in her favor.   *Richardson v. Dep't of Justice*, 730 F.Supp.2d 225, 231-32 (D.D.C. 2010) ("The timing of an agency's release of records responsive to a FOIA request does not determine whether the agency has complied with its obligations under the FOIA."); *Jacobs v. Fed. Bureau of Prisons*, 725 F.Supp.2d 85, 89 (D.D.C. 2010) ("The BOP's untimely response does not entitled plaintiff to judgment in his favor."); *Landmark Legal Foundation v. EPA*, 272 F.Supp.2d 59, 68 (D.D.C. 2003) (""[A] lack of timeliness or compliance with FOIA deadlines does not preclude summary judgment for an agency, nor mandate summary judgment for the requester."). Stated another way, "whether the search was completed before or after the requestor files a lawsuit, the remedy available to the plaintiff is the same:    access to the documents to which he is entitled under

8

the law." *Richardson*, 730 F.Supp.2d at 232; *Tunchez v. Dep't of Justice*, 715 F.Supp.2d 49, 54 (D.D.C. 2010)(same).

*Hainey*, 925 F.Supp.2d at 42. See also 5 U.S.C. § 552(b)(C)(ii).

Courts typically decide FOIA cases on summary judgment, without discovery and after the documents at issue are identified. *Lawyers' Comm. for Civ. Rights of San Francisco Bay Area v. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008); *see also Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified.").

Defendants assert that a summary judgment schedule is premature and that the disclosure should be completed and issues identified by Defendant, if any, to be addressed through administrative review first. The administrative appeal process is important to agencies and requesters for two reasons. First, it provides an agency with an opportunity to review the initial action taken and determine if corrective steps are necessary. *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) (recognizing that exhaustion of the administrative appeal process "allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review."). Second, although failure to file an administrative appeal is not an absolute bar to judicial review, the District of Columbia has held that exhaustion of the administrative appeal process is

9

"generally required before filing suit in federal court." *Hidlago v. FBI*, 344 F.3d 1256, 1258 (D.C.Cir. 2003). This administrative review would allow the agency and Plaintiff to narrow issues, if any.

**E.     A computation of damages:**

Not applicable to the Defendant. There is no waiver of sovereign immunity for damages in FOIA litigation. In addition, in the December 12, 2018 letter releasing documents, BLM confirmed that no fees would be assessed for the search and duplication of documents.

**F.     The pendency or disposition of any related state or federal litigation:**

No current FOIA or other litigation is pending related to this case.

**G.     Proposed additional stipulations of fact not included in the Statement of Stipulated Facts,** *see* **L.R. 16.2(b)(3), and the parties' understanding as to what law applies.**

None.

**H.     Proposed deadlines relating to joinder of parties or amendment of the pleadings**:

The United States proposes 60 days after the preliminary pretrial conference as the deadline for amendments to pleadings.   A joinder of parties is not generally applicable to FOIA litigation.

**I.    Identification of controlling issues of law suitable for pretrial disposition:**

Following disclosure of responsive records, if Plaintiff objects to the sufficiency of the disclosure, he may appeal to the appropriate FOIA authority within BLM.

**J.    The name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information.   If known, the address and telephone number of the individual must be provided to all counsel on request:**

    1.    Christopher Kortlander, Plaintiff

    2.    Sally Sheeks
        State FOIA/Privacy Act Officer
        5001 Southgate Drive
        Bureau of Land Management
        Montana-Dakotas State Office
        5001 Southgate Drive
        Billings, MT 59101-4669
        (406) 896-5157

        Lynnell Cellmer,
        Records Management Specialist
        5001 Southgate Drive
        Bureau of Land Management
        Billings, MT 59101-4669
        (406) 896-5381

        Jon K, Raby
        Acting State Director
        5001 Southgate Drive
        Bureau of Land Management
        Billings, MT 59101-4669

The above referenced BLM employees have knowledge concerning the processing of Plaintiff's FOIA request.

**K.      The substance of any insurance agreement that may cover any resulting judgment:**

There is no applicable insurance agreement.

**L.      The status of any settlement discussions and the prospects for compromise of the case:**

It is possible that after the disclosures are complete that Plaintiff may agree that he has received a complete response and that the case may accordingly be dismissed.

**M.      Suitability of Special Procedures:**

Defendants have set forth a proposed procedure to address a rolling release of documents in Defendants Proposed Case Management Plan.

**DATED** this 17th day of April, 2019.

        KURT G. ALME
        United States Attorney


        /s/ Victoria L. Francis
        /s/ Tyson M. Lies
        Assistant U.S. Attorneys
        Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2019, a copy of the foregoing document was served on the following person by the following means.

|   |   |
|---|---|
| __X__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk of Court

2. Christopher Kortlander
P.O. Box 200
Garryowen, MT 59031
406-638-2012
*Pro Se Plaintiff (e-filer)*

 

/s/ Victoria L. Francis
Assistant U.S. Attorney
Attorney for Defendant